

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD PITTMAN,<br><br>           Plaintiff,<br>vs.<br><br>ASWAN RESTAURANT GROUP, LLC and FADI KALASHO,<br><br>           Defendants. | CASE NO. 11-CV-2259 BEN (JMA)<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>[Docket Nos. 3, 4] |

On September 29, 2011, Plaintiff Rod Pittman initiated this action against Defendants Aswan Restaurant Group, LLC, and Fadi Kalasho for alleged violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. (Docket No. 1.) At the same time, Plaintiff filed an *Ex Parte* Application for Temporary Restraining Order to enjoin Defendants from transferring all PACA assets until Defendants pay Plaintiff $20,921.01, plus interest, attorney fees, and costs, as well as a Supplement to the *Ex Parte* Application for Temporary Restraining Order. (Docket Nos. 3, 4.)

Pursuant to Federal Rule of Civil Procedure 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition; and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears that Plaintiff is a produce creditor of Defendants under Section 5(c) of

1  PACA, and has not been paid for produce in the amount of $20,921.01 supplied to Defendants, as
2  required by PACA. It also appears that Defendants are in financial jeopardy in that they tendered
3  seven checks to Plaintiff which were returned by the bank due to insufficient funds. In addition,
4  Defendants have failed to appear and pay past due invoices as promised or to return any of Plaintiff's
5  telephone calls. Moreover, Fadi Kalasho has told Plaintiff that he did not have any money, and
6  Plaintiff should "come burn down" his restaurant. (Pittman Decl. ¶ 17.) As a result, the record before
7  the Court suggests that the PACA trust assets are threatened with dissipation. *Tanimura & Antle, Inc.*
8  *v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000); *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d
9  154 (11th Cir. 1990).

10  If notice is given to Defendants of the pendency of this motion, trust assets may be further
11  dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but
12  impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin.
13  News 405, 411; *see also Tanimura, supra*; *J.R. Brooks & Son, Inc. v. Norman's Country Mkt., Inc.*,
14  98 B.R. 47 (Bankr. N.D. Fla. 1989). Entry of this Order without notice assures retention of the trust
15  assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7
16  U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), the applicant's attorney has certified why notice
17  should not be required.

18  On the basis of the foregoing, the Court finds that Plaintiff will suffer immediate irreparable
19  injury in the form of a loss of trust assets unless this order is granted without notice. Therefore, the
20  *Ex Parte* Application is **GRANTED**. It is hereby ordered that Defendants, their customers, agents,
21  escrow agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not
22  alienate, dissipate, pay over or assign any assets of Aswan Restaurant Group, LLC, dba the Vine
23  Cottage, Fadi Kalasho, or their subsidiaries or related companies until further order of this Court or
24  until Defendants pay Plaintiff the sum of $20,921.01 by cashiers' check or certified check, at which
25  time this Order is dissolved.

26  Plaintiff shall post a cash or corporate surety bond with the Clerk of the Southern District of
27  California no later than <u>4:30 p.m. on October 4, 2011</u>, in the sum of $7,000.
28  This Temporary Restraining Order is entered on September 29, 2011, at 4:4/pm. A hearing on

Plaintiff's application for preliminary injunction is set for <u>October 12, 2011, at 9:00 a.m.</u> Plaintiff shall serve Defendants with a copy of this Order no later than <u>5:00 p.m. on October 4, 2011</u>, and immediately file a proof of service with the Court. If Plaintiff does not post bond and serve Defendants, a preliminary injunction will not be issued.

**IT IS SO ORDERED.**

DATED: September 2̲8̲, 2011

HON. ROGER T. BENITEZ
United States District Court Judge