UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD PITTMAN,<br><br>　　　　Plaintiff,<br>　vs.<br><br>ASWAN RESTAURANT GROUP, LLC, et al.<br><br>　　　　Defendants. | CASE NO. 11cv2259 BEN (JMA)<br><br>**ORDER DENYING EX PARTE MOTION TO COMPEL WITHOUT NOTICE TO DEFENDANTS**<br><br>[Dkt. Nos. 12, 14.] |

On December 16, 2011, Plaintiff Rod Pittman filed an "Ex Parte Motion to Compel With Notice" seeking an order from the Court compelling Neighborhood National Bank to "restrain the transfer and direct payment to Plaintiff of those sums held by the bank, and possessed by the Defendants under the statutory trust imposed under the Perishable Agricultural Commodities Act (PACA), pursuant to this courts preliminary injunction issued on October 6, 2011." (Pl's. Ex Parte Mot. to Compel ¶ 1.) While Plaintiff did provide notice to Neighborhood National Bank, Plaintiff failed to provide notice, or an explanation for the lack of notice, to Defendants. (Court's December 19, 2011 Order.) The motion was denied on this basis on December 19, 2011. (*Id.*) The Court also ordered Plaintiff to serve a copy of the Court's Order on Defendants and Neighborhood National Bank. (*Id.*)

Plaintiff has now filed an "Ex Parte Motion to Compel With Notice to the Bank, but Without Notice to the Defendants." (Dkt. No. 14.) Plaintiff again moves for an "Order to Compel Neighborhood National Bank to restrain the transfer and direct payment to Plaintiff of those sums held by the bank, and possessed by the Defendants" without notice to the Defendants. (Dkt. No. 14.)

There are numerous problems with Plaintiff's motion that prevent the Court from providing the relief requested. Plaintiff cites no authority for the Court to issue an order specifically compelling Neighborhood National Bank to restrain the transfer of Defendants' funds without notice to Defendants. This lack of authority leaves the Court to guess whether Plaintiff is seeking an order modifying the existing Preliminary Injunction to specifically name Neighborhood National Bank and require the restraint of the transfer of funds held by it, seeking to find Neighborhood National Bank in contempt of the Court's existing Preliminary Injunction issued with the consent of Defendants, or if there is some other basis for the relief requested.

Additionally, regardless of the basis for the request, Plaintiff has not demonstrated that the requested relief should be granted without notice to Defendants and on an expedited basis. The "circumstances justifying the issuance of an ex parte order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974). Plaintiff's motion does not address why the relief requested should be granted without notice to Defendants or provide any authority for granting the relief without notice. The Declaration filed by Plaintiff's counsel speculates that Defendants are attempting to avoid payment to Plaintiff by stopping scheduled installment payments through a credit card processor and that Defendants would immediately pull all their funds out of Neighborhood National Bank if notice was given, but this speculation is inconsistent with the record in this case. (Decl. of Mitch Wallis ¶¶ 6-8.) Defendants agreed to the imposition of the Preliminary Injunction that restrained the transfer of all their assets and have apparently not attempted to withdraw those assets held at Neighborhood National Bank. Because Plaintiff has not demonstrated that the relief requested should be granted without notice to Defendants, Plaintiff's motion is **DENIED**.

1  If Plaintiff continues to seek the relief requested, Plaintiff must file a properly supported
2  motion identifying the basis for the relief requested, serve the motion on Defendants and
3  Neighborhood National Bank, and comply with the requirements of Civil Local Rule 7.1.  Plaintiff
4  shall also serve a copy of this Order on Defendants and Neighborhood National Bank.

6  **IT IS SO ORDERED.**

8  DATED:  December 30, 2011

   _____
   Hon. Roger T. Benitez
   United States District Judge