

**FILED**

FEB 1 4 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD PITTMAN, doing business as Rod's Produce,<br><br>Plaintiff,<br><br>vs.<br><br>ASWAN RESTAURANT GROUP, LLC, a California Limited Liability Company doing business as The Vine Cottage; and FADI KALASHO,<br><br>Defendants. | CASE NO. 11-cv-2259 – BEN (JMA)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>[Doc. No. 17] |

Presently before the Court is Plaintiff Rod Pittman's *Ex Parte* Motion to Compel, filed on January 3, 2012, seeking an order from the Court compelling Neighborhood National Bank to restrain the transfer of assets belonging to Defendants pursuant to this Court's preliminary injunction issued on October 6, 2011. The Court previously denied two similar *ex parte* motions by Plaintiff for failure to give notice to Defendants. [*See* Doc. Nos. 13, 16.] In the present motion, Plaintiff indicates that notice was given to the Neighborhood National Bank and to attorneys for Defendants. [Doc. No. 19.]

Although Plaintiff filed the motion *ex parte*, the Court *sua sponte* calendared the motion for a regular hearing on February 13, 2012 at 10:30 a.m. Defendants failed to file an opposition. On February 8, 2012, the Court took the motion under submission pursuant to the Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court hereby **GRANTS** the motion to compel.

## BACKGROUND

This case concerns the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.* The Court previously entered a preliminary injunction in this case, providing that:

> Defendants, ***their*** customers, agents, officers, subsidiaries, assigns, ***banking institutions*** and related entities, shall not alienate, dissipate, pay over or assign any assets of Aswan Restaurant Group, LLC, dba the Vine Cottage, Fadi Kalasho, or their subsidiaries or related companies until first paying to Plaintiff the sum of $ 2,500 (immediately upon receipt of this order) and thereafter, the sum of $ 2,000 every 10 days until Plaintiff has received a total of $ 25,000 via certified funds, at which time the Preliminary Injunction is dissolved.

(Order Granting Joint Motion for Preliminary Injunction, at 1 [Doc. No. 10] (emphases added).) Plaintiff alleges that Neighborhood National Bank is a custodian of certain funds held in Defendants' accounts. (Declaration of Mitch Wallis in Support of *Ex Parte* Motion to Compel ¶ 4 [Doc. No. 17-1].) Plaintiff contends that despite being served with a copy of the Court's preliminary injunction, the Neighborhood National Bank has refused to comply with the injunction. (*Id.* ¶ 6.) Plaintiff alleges that this refusal to comply with the preliminary injunction has caused him great harm and that continued refusal to comply would irreparably damage him in violation of PACA. (*Id.* ¶ 7.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 65(d)(2), the Court's preliminary injunction is binding on the following persons, as long as they receive "actual notice of [the injunction] by personal service or otherwise": (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) "other persons who are ***in active concert or participation*** with anyone described in [paragraphs (A) or (B)]" (emphasis added). The purpose of restraining other persons, even though they are not parties to the ongoing action, is to prevent defendants from "nullify[ing] a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13-14 (1945).

In this case, the Neighborhood National Bank is properly bound by the Court's preliminary injunction. In the preliminary injunction, the Court ordered that Defendants and "their . . . banking institutions" shall not "alienate, dissipate, pay over or assign any assets of [Defendants] until first paying to Plaintiff . . . a total of $ 25,000." (Order Granting Joint Motion for Preliminary Injunction, at 1.) While the injunction does not *specifically name* the Neighborhood National Bank, it is

nonetheless directed toward Neighborhood National Bank as one of Defendants' "banking institutions." The Neighborhood National Bank is also properly bound under Rule 65(d)(2), because by dissipating Defendants' funds with full knowledge of the Court's preliminary injunction, it is acting "in active concert or participation" with Defendants in thwarting the preliminary injunction. *See Regal Knitwear Co.*, 324 U.S. at 14 ("In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding."); *see also Ex parte Lennon*, 166 U.S. 548, 554 (1897) ("To render a person amenable to an injunction, it is neither necessary that he should have been a party to the suit in which the injunction was issued, nor to have been actually served with a copy of it, so long as he appears to have had actual notice."); *Reliance Ins. Co. v. Mast Const. Co.*, 84 F.3d 372, 377 (10th Cir. 1996) (concluding that a bank, which was not a party to the action, could be held in contempt for violating a restraining order prohibiting transfer of corporation's and its officers' funds, where the bank aided and assisted the officers in completing series of fund withdrawals and transfers, even though the bank was merely carrying out its contractual obligations to allow depositor's withdrawal upon request).

## CONCLUSION

Accordingly, Plaintiff's motion to compel is **GRANTED**. To the extent Neighborhood National Bank has actual notice of the Court's October 6, 2011 preliminary injunction, it is bound by the following provision of that injunction pursuant to Federal Rule of Civil Procedure 65(d)(2):

> Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Aswan Restaurant Group, LLC, dba the Vine Cottage, Fadi Kalasho, or their subsidiaries or related companies until first paying to Plaintiff the sum of $ 2,500 (immediately upon receipt of this order) and thereafter, the sum of $ 2,000 every 10 days until Plaintiff has received a total of $ 25,000 via certified funds, at which time the Preliminary Injunction is dissolved.

(Order Granting Joint Motion for Preliminary Injunction, at 1.)

**IT IS SO ORDERED.**

Date: February 13, 2012

Honorable Roger T. Benitez
United States District Court